IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CALIFORNIA STATE GRANGE; OREGON STATE GRANGE; GREENHORN GRANGE; JACKSON COUNTY POMONA GRANGE; ALSEA VALLEY ALLIANCE; TIM O'CONNOR; RYAN KLIEWER; and LEONARD ZYLSTRA, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD L. EVANS, Secretary of the United States Department of Commerce; NATIONAL MARINE FISHERIES SERVICE (NMFS); WILLIAM T. HOGARTH, NMFS Director; and D. ROBERT LOHN, NMFS Regional Director for the Northwest Region, all in their official capacities, <br><br> Defendants. | Case No. 02-6044-HO <br><br> ORDER |

Plaintiffs brought this suit seeking a declaration that defendants' failure to include hatchery salmon as part of the

distinct population segment of coho salmon definition for the southern Oregon/northern California coho salmon (SO/NCC) environmentally significant unit (ESU) violated the Endangered Species Act (ESA). Plaintiffs sought to have the decision to list the SO/NCC as threatened set aside. The court granted plaintiffs' motion for summary judgment finding the SO/NCC listing arbitrary, capricious and unlawful. However, the court declined to vacate the decision upon remand to remedy the error because of the unusual circumstances of this case including the fact that the National Marine Fisheries Service (NMFS) had already begun the process to cure the administrative defect and the balance of equities favored leaving the listing decision in place because of the threat to the SO/NCC, whereas the plaintiffs only demonstrated a speculative threat to their interests.

Plaintiffs now move for an award of attorneys' fees. The court may award costs of litigation, if appropriate, in an ESA suit. See 16 U.S.C. § 1540(g)(4). A fee is appropriately awarded where a party succeeds on any significant issue in the litigation which achieves some of the benefits the parties sought in bringing the suit. See Ruckelshaus v. Sierra Club, 463 U.S. 680, 693 (1983). In addition, in determining whether an award of attorneys' fees is appropriate, the court considers whether the litigation brought by the party seeking an award has substantially contributed to the goals of the ESA. Carson-Truckee Water Conservancy Dist. v.

Secretary of Interior, 748 F.2d 523 (9th Cir. 1984). The dominant inquiry is whether litigation by that party has served the public interest by assisting the interpretation and implementation of the ESA. Id. at 525.

The starting point for determining a reasonable fee award is the calculation of the "lodestar." See, e.g., Jordan v. Multnomah County, 815 F.2d 1258 (9th Cir. 1987); Chalmers v. Los Angeles, 796 F.2d 1205 (9th Cir. 1986). To determine the "lodestar," the court must multiply the amount of hours reasonably expended on the litigation by a reasonable hourly rate. Chalmers, 796 F.2d at 1210. A strong presumption exists that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262. Under certain circumstances, however, a court may adjust the award upward or downward to take into account the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer comparable in skill, experience, and reputation to plaintiff's counsel of record. Blum v. Stenson, 465 U.S. 886, 897 (1984). Blum instructs courts to look at the prevailing market rates in the relevant market. Id. at 895, n. 11.

The fee claimant must demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

This litigation rode the coattails of the Alsea Valley Alliance v Evans case. This suit did not break any new ground. Plaintiffs prevailed in this suit only in a technical sense.

> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Hensley, 461 U.S. at 436.

Plaintiffs obtained the same declaration already obtained in the Alsea case and the government did not contest that such a declaration should be made with respect to the SO/NCC. The

---

F.2d 1454, 1464 (9th Cir. 1988).

government only litigated this case for the purpose of arguing that the case should be stayed in deference to the ongoing agency proceeding reviewing the listing decision and whether the listing decision should stay in place while it reconsidered its decision in light of Alsea.

The Alsea plaintiffs have already recovered attorneys' fees for their efforts in that litigation. The plaintiffs here have achieved only a *de minimus* victory. This suit did not contribute to interpreting a listing decision beyond what had already occurred in Alsea and in that sense did little to contribute to the goals of the ESA. Accordingly, a fee award is not appropriate on this record.

In addition, this case was only necessary from plaintiff's perspective to achieve an injunction against the listing decision, a listing decision that the court had previously declared to be arbitrary and capricious. The declaration was unnecessary as the government had already conceded errors in the listing decision and had begun the process of reviewing the listing decision and formulating a new rule. The plaintiffs have not obtained further recovery. Accordingly, the court declines to tax any costs against defendants. See Fed. R. Civ. P. 54(d) (costs against the United States shall be imposed only to the extent permitted by law).[2]

---

[2] The court recognizes that the Yurok Tribe and Waterwatch of Oregon intervened to challenge the assertion that the listing decision itself was invalid. However, the NMFS had already conceded the issue and, as the responsible agency, had undertaken to review the rule

Order -5-

## CONCLUSION

For the reasons stated above, plaintiffs' motion for attorneys' fees (#109) is denied.

Dated this 25th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

regardless of the position of the intervenors.